**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Anthony Albanese; Andrew Wise; and Albanese & Wise Promotions, LLC, an Arizona limited liability company,

Plaintiffs,

vs.

City of Peoria, a political subdivision of the State of Arizona; Lieutenant Mike Self, city employee,

Defendants.

No. CV-06-1905-PHX-LOA

**NOTICE OF ASSIGNMENT AND ORDER**

Pursuant to Local Rule 3.8(a), LRCiv, Rules of Practice, effective December 1, 2005, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

As a result of the aforesaid Local Rule and assignment, if all parties consent in writing, the case will remain with the assigned magistrate judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge. To either consent to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The

---

[1]The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page,

party filing the case or removing it to this Court is responsible for serving all parties with the consent forms. Each party must file a completed consent form and certificate of service with the Clerk of the Court not later than 20 days after entry of appearance, and must serve a copy by mail or hand delivery upon all parties of record in the case.

Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. §636(c).

A review of the Court's file indicates that Defendants City of Peoria and Lieutenant Mike Self have filed a Notice of Removal on August 3, 2006.

Defendants shall have until August 24, 2006, within which to make their selections to either consent to magistrate judge jurisdiction or elect to proceed before a U. S. district judge. It is unknown if a copy of the appropriate consent form, electronically provided to counsel for appearing Plaintiffs and Defendants by the Clerk at the time the Notice of Removal was filed, was served with the Notice of Removal per the written instructions from the Clerk.

Accordingly,

**IT IS ORDERED** that the Defendants City of Peoria and Lieutenant Mike Self shall file on or before **August 24, 2006** their written elections to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

**IT IS FURTHER ORDERED** that if Defendants have not already done so, Defendants shall serve upon the Plaintiffs the appropriate consent form provided at the time of the filing of its Notice of Removal at the time of service of its Notice of Removal upon the Plaintiffs.

---

then click on "forms" on the left side of the page and then click on and print the appropriate form.

**IT IS FURTHER ORDERED** that Plaintiffs Anthony Albanese, Andrew Wise and Albanese & Wise Promotions, LLC, shall either consent to proceed before a magistrate judge or elect to proceed before a district judge by **August 24, 2006**.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2005. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found as www.uscourts.gov/rules/. The fact that a party is acting pro se does not discharge this party's duties to "abide by the rules of the court in which he litigates." Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

DATED this 7th day of August, 2006.

Lawrence O. Anderson
United States Magistrate Judge